ABB AUTOMATION INC., Plaintiff,

v.

SCHLUMBERGER RESOURCE MANAGEMENT SERVICES, INC., Defendant.

No. CIV.A.01–077–SLR.

United States District Court, D. Delaware.

March 27, 2002.

---

ceived (Whr Rec) signals...." ('527 patent, col. 4, 11. 49–51)

Donald F. Parsons, Jr., Esquire and Julia Heaney, Esquire of Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Plaintiff. Of Counsel: Norman L. Norris, Esquire, Steven J. Rocci, Esquire, Kevin M. Flannery, Esquire and Steven B. Samuels, Esquire of Woodcock Washburn LLP, Philadelphia, PA.

Josy W. Ingersoll, Esquire of Young, Conaway, Stargatt & Taylor, L.L.P., Wilmington, DE, for Defendant. Of Counsel: Richard M. Moose, Esquire, Timothy D. St. Clair, Esquire and Steven R. LeBlanc, Esquire of Dority & Manning, Greenville, SC.

## MEMORANDUM OPINION

ROBINSON, Chief Judge.

## I. INTRODUCTION

On February 12, 2001, plaintiff ABB Automation, Inc. ("ABB") filed this action against defendant Schlumberger Resource Management Services, Inc. ("Schlumberger") alleging infringement of certain claims of United States Patent Nos. 5,457,-621 (the "'621 patent"), 5,621,629 (the "'629 patent"), 5,903,145 (the "'145 patent"), 5,555,508 (the "'508 patent") and 5,548,527 (the "'527 patent") (collectively, the "ABB patents"). (D.I.1, 10)

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201(a). Currently before the court are the parties' numerous motions for summary judgment regarding infringement, invalidity and damages. (D.I.86, 88, 90, 92, 94, 96, 98, 100, 107)

## II. BACKGROUND

The ABB patents generally relate to electrical energy meters for metering electrical energy supplied by an electrical service provider. The patents cover various components of an electrical energy meter including the power supply ('621 and '629 patents), resistive voltage divider ('145 patent), option connector ('508 patent) and the "meter form" ('527 patent).

## III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment;

there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## IV. DISCUSSION

### A. Defendant's Motion for Summary Judgment of Non-infringement of the '621 Patent and Plaintiff's Motion for Summary Judgment of Literal Infringement

Defendant's motion is based on a claim construction not adopted by the court. As such, the motion does not warrant further consideration. Defendant's motion for summary judgment of non-infringement of the '621 patent (D.I.94) is denied.

Defendant asserts two defenses to plaintiff's motion for summary judgment of literal infringement: 1) a defense based on a proposed claim construction; and 2) a defense that the accused product does not include a controller.

As stated previously, the court did not adopt defendant's claim construction. Regarding defendant's controller defense, defendant merely provides the conclusory statement of two experts, employed by defendant, that the accused product "does not include a controller that generates a control signal in response to the output of the power supply, even considering the definition of 'controller' argued by ABB." (D.I. 114 at 18)

The Federal Circuit has stated that [w]ith respect to whether there is a genuine issue [of material fact], the court may not simply accept a party's statement that a fact is challenged. The

party opposing the motion must point to an evidentiary conflict created on the record at least by a counter statement of a fact or facts set forth in detail in an affidavit by a knowledgeable affiant. Mere denials or conclusory statements are insufficient.

*Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 835–36 (Fed.Cir.1984) (internal citation omitted). In the case at bar, defendant has provided only conclusory statements as a defense to plaintiff's motion for summary judgment. These statements are insufficient. Thus, plaintiff's motion for summary judgment of literal infringement of claims 1, 2 and 13 of the '621 patent (D.I.107) is granted.

**B. Defendant's Motion for Summary Judgment of Invalidity of the '621 Patent and Plaintiff's Motion for Summary Judgment of No Invalidity of the '621 Patent**

▉ Claim 1 of the '621 patent recites the claim limitation of "a controller connected to said switching member and to a third winding of said transformer, for generating said control signal in response to the output of said power supply[.]" ('621 patent, col. 10, 11. 45–48)

Defendant asserts that the '621 patent is invalid because each of the asserted claims is not enabled by the specification. More specifically, defendant argues that the claim limitation "in response to the output of said power supply" is not enabled by the specification. The validity dispute is essentially a dispute regarding claim construction.

The parties agree as to the essence of the invention described in the specification of the '621 patent. The patent discloses a switching power supply. As described by the patent,

> [i]t is especially preferred for the power supply to include a transformer having first, second and third windings, wherein the voltage component is provided to the first winding and wherein the second winding defines the output of the power supply. A switching member is connected to the first winding for permitting and preventing the flow of current through the first winding. The switch member is operable in response to a control signal. A control member generates the control signal in response to the output of the power supply and is connected to the third winding.

('621 patent, col. 2, 11. 38–47) The following is a simplified diagram of figure 5 of the '621 patent that illustrates the invention described in the specification.

Defendant argues that the claim requires the controller to operate in response to the output of the power supply (i.e., the second winding) but the specification enables a controller operating in response to the feedback winding (i.e., the third winding). Plaintiff asserts that the third winding is representative or reflective of the second winding and, thus, the controller is responding to the second winding.

Defendant's argument is buttressed by the fact that in the parent application to the '621 patent the examiner rejected similar claim language in a different claim based on lack of enablement. Claim 8 in the parent application claimed, in relevant part, "a reference current generator for generating a reference current signal in response to the output of said power supply[.]" (D.I. 103 at 383609) The examiner rejected claim 8 "under 35 U.S.C. § 112, first paragraph, as the disclosure is enabling only for claims limited to a reference current generator responsive to the voltage across the third transformer winding[.]" (*Id.* at 383641) The patentee responded to the rejection stating, "[a]ppli-cant has amended claim 8 to now reflect that the reference current generator generates a reference current signal in response [to] **a signal reflective of** the output of the power supply. Such language could include the third winding or some other winding. The examiner's objection is believed to be overcome." (*Id.* at 383659) (emphasis added) Thus, claim 8 in the '621 patent states, in relevant part, "a

reference current generator for generating a reference current signal in response to a signal reflective of the output of said power supply[.]" ('621 patent, col. 11, 11. 16–18) Claims 1 and 13 (the asserted independent claims) were not rejected by the examiner nor amended by plaintiff based on this enablement issue.

The parties have each proposed a claim construction that, if adopted, is dispositive of the issue of enablement.[1] The court has reviewed the patent and determined that the proper construction of the phrase "a controller ... generating said control signal in response to the output of said power supply" means "the controller generates the control signal based a direct reaction from the second winding."

This claim construction is in accord with the prosecution history of claim 8. Plaintiff argues that "[a]ll the applicants did by amending claim 8 was make express the meaning of the claim term 'in response to the output of the power supply' that was already known to one of ordinary skill in the art— the control signals are generated in response to a signal reflective of the output of the power supply." (D.I. 116 at 28) The court disagrees. The patentee indicated during prosecution what the plain language makes clear—adding the words "reflective of" to the claim was necessary to coincide with the specification.

Furthermore, plaintiff has failed to cite any evidence that one of ordinary skill in the art would understand that in the asserted claims the control signals are generated in response to **a signal reflective of** the output of the power supply.[2] In the

1. Plaintiff argues that the claim limitation "generating said control signal in response to the output of said power supply" means "that the control signal is generated based on a signal, such as voltage, that is representative of the output of the power supply." Defendant asserts that "in response to the output of said power supply" means "in response to the output of the second winding; does not in-clude a signal reflective or representative of the output of the second winding."

2. Although not cited in the claim construction papers or the summary judgment briefs, the court did locate the expert report of Professor James K. Roberge. (D.I.106, Ex. 21) The expert report of Professor Roberge simply reiterates the attorney argument presented by plaintiff in the briefing papers. The expert

absence of facts set forth in detail in an affidavit by a knowledgeable affiant, plaintiff has failed to carry its burden of proof. *See Barmag Barmer,* 731 F.2d at 835–36 (internal citation omitted).

While it is not clear why the examiner did not reject claims 1 and 13 on the same basis as claim 8 (or why the patentee did not amend each of the claims pursuant to the enablement rejection), the court finds claims 1 and 13 are not enabled by the specification. The claims require the controller to directly respond to the second winding. The specification, however, only enables a controller that responds to the third winding.

For the reasons stated above, defendant's motion for summary judgment of invalidity of claims 1, 2, 12, 13, 23 and 24 (D.I.100) is granted. Plaintiff's motion for summary judgment of no invalidity of the '621 patent (D.I.107) is denied.

### C. Defendant's Motion for Summary Judgment of Non-infringement of the '629 Patent and Plaintiff's Motion for Summary Judgment of Literal Infringement of the '629 Patent

Defendant's motion is based on a claim construction not adopted by the court. As such, the motion does not warrant further consideration. Defendant's motion for summary judgment of non-infringement of the '629 patent (D.I.96) is denied.

Furthermore, defendant provides no argument in response to plaintiff's motion for summary judgment beyond its claim construction position. As defendant has failed to come forward with specific facts showing that there is a genuine issue for trial, plaintiff's motion for summary judgment of literal infringement of claim 15 of the '629 patent (D.I.107) is granted.

### D. Defendant's Motion for Summary Judgment of Invalidity of the '629 Patent and Plaintiff's Motion for Summary Judgment of No Invalidity of the '629 Patent

Both plaintiff's and defendant's motion for summary judgment regarding the validity of the '629 patent is based on the parties' proposed claim construction. The court did not adopt either parties' claim construction in its entirety. As such, these motions do not warrant further consideration. Defendant's motion for summary judgment of invalidity of the '629 patent and plaintiff's motion for summary judgment of no invalidity of the '629 patent (D.I.92, 107) are denied.

### E. Defendant's Motion for Summary Judgment of Non-infringement of the '508 Patent

Defendant's motion is based on a claim construction not adopted by the court. As such, the motion does not warrant further consideration. Defendant's motion for summary judgment of non-infringement of the '508 patent (D.I.88) is denied.

### F. Plaintiff's Motion for Summary Judgment of No Invalidity of the '508 Patent

Defendant has failed to respond to this motion. Thus, plaintiff's motion for summary judgment of no invalidity of the '508 patent (D.I.107) is granted.

### G. Defendant's Motion for Summary Judgment of Non-infringement of the '527 Patent

Defendant's motion is based on a claim construction not adopted by the court. As such, the motion does not warrant further consideration. Defendant's motion for

report does not provide any guidance for the court with respect to what one of ordinary

skill in the art would understand "in response to the output of the power supply" to mean.

summary judgment of non-infringement of the '527 patent (D.I.98) is denied.

### H. Plaintiff's Motion for Summary Judgment of No Invalidity of the '527 Patent

The court finds that a genuine issue of material fact exists regarding the sufficiency of the evidence to prove invalidity of the '527 patent. Plaintiff's motion for summary judgment of no invalidity of the '527 patent (D.I.107) is denied.

### I. Plaintiff's Motion for Summary Judgment of No Invalidity of the '145 Patent

Defendant has failed to respond to this motion. Plaintiff's motion for summary judgment of no invalidity of the '145 patent (D.I.107) is granted.

### J. Defendant's Motion for Summary Judgment of Non-infringement of the '145 Patent and Plaintiff's Motion for Summary Judgment of Literal Infringement of the '145 Patent

Defendant's motion is based on a claim construction not adopted by the court. As such, the motion does not warrant further consideration. Defendant's motion for summary judgment of non-infringement of the '145 patent (D.I.90) is denied.

The court finds that a genuine issue of material fact exists as to whether the accused product employs the same or equivalent structure of the claimed resistive voltage divider means. Plaintiff's motion for summary judgment of literal infringement of the '145 patent (D.I.107) is denied.

### K. Defendant's Motion for Partial Summary Judgment Regarding Damages

The court finds that a genuine issue of material fact exists regarding when plaintiff gave defendant notice sufficient for damages purposes. Defendant's motion for partial summary judgment regarding damages (D.I.86) is denied.

## V. CONCLUSION

For the reasons stated, the court shall grant plaintiff's motion for summary judgment of literal infringement of the '621 and '629 patents, deny plaintiff's motion for summary judgment of literal infringement of the '145 patent, deny defendant's motion for summary judgment of non-infringement of the '621, '629, '508 and '527 patents, deny plaintiff's motion for summary judgment of no invalidity of the '527,- '621 and '629 patents, grant plaintiff's motion for summary judgment of no invalidity of the '508 and '145 patents, grant defendant's motion for summary judgment of invalidity of the '621 patent, deny defendant's motion for summary judgment of invalidity of the '629 patent and deny defendant's motion for partial summary judgment regarding damages. An appropriate order shall issue.

## ORDER

At Wilmington, this 27th day of March, 2003, consistent with the opinion issued this same day;

IT IS ORDERED that:

1) Defendant's motion for summary judgment of non-infringement of the asserted claims of the '508 patent (D.I.88) is denied.

2) Defendant's motion for summary judgment of non-infringement of the asserted claims of the '145 patent (D.I.90) is denied.

3) Defendant's motion for summary judgment of non-infringement of the asserted claims of the '621 patent (D.I.94) is denied.

4) Defendant's motion for summary judgment of non-infringement of the asserted claims of the '629 patent (D.I.96) is denied.

5) Defendant's motion for summary judgment of non-infringement of the asserted claims of the '527 patent (D.I.98) is denied.

6) Defendant's motion for summary judgment of invalidity of the asserted claims of the '621 patent (D.I.100) is granted.

7) Defendant's motion for summary judgment of invalidity of the asserted claims of the '629 patent (D.I.92) is denied.

8) Plaintiff's motion for summary judgment of literal infringement of claims 1, 2 and 13 of the '621 patent (D.I.107) is granted.

9) Plaintiff's motion for summary judgment of literal infringement of claim 15 of the '629 patent (D.I.107) is granted.

10) Plaintiff's motion for summary judgment of literal infringement of the asserted claims of the '145 patent (D.I.107) is denied.

11) Plaintiff's motion for summary judgment of no invalidity of the asserted claims of the '621 patent (D.I.107) is denied.

12) Plaintiff's motion for summary judgment of no invalidity of the asserted claims of the '629 patent (D.I.107) is denied.

13) Plaintiff's motion for summary judgment of no invalidity of the asserted claims of the '527 patent (D.I.107) is denied.

14) Plaintiff's motion for summary judgment of no invalidity of the asserted claims of the '508 patent (D.I.107) is granted.

15) Plaintiff's motion for summary judgment of no invalidity of the asserted claims of the '145 patent (D.I.107) is granted.

16) Defendant's motion for summary judgment in regards to damages (D.I.86) is denied.